FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 29 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

JOHN D. PARKER,

                               Petitioner,

      - against -

HUFFORD H.I./F.C.I. SCHUYLKILL, et al.,

                              Respondents.

----------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 3609 (BMC)

**COGAN**, District Judge.

      Petitioner brings this petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, challenging his July 28, 1993 state court conviction, upon his guilty plea, of two counts of Criminal Sale of a Controlled Substance in the Third Degree. He was sentenced to an indeterminate term of five to ten years custody, and was released at an unspecified date upon completion of that term. He did not appeal his conviction and took no action to challenge it until February 8, 2010, when he filed a motion under New York Criminal Procedure Law §440.10 (mislabeled as a petition for a writ of *coram nobis*) in the sentencing court. His motion alleged that his counsel had mis-advised him to testify before the grand jury and failed to adequately explain the charges and sentencing consequences of his guilty plea. The §440.10 court found that his claims were procedurally barred and without merit. He tried to appeal that as of right but

the Appellate Division dismissed the appeal since there was no appeal as of right under New York law.[1]

The instant habeas corpus petition appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), contains a one-year statute of limitations for habeas corpus petitions filed by state prisoners. The one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioners whose convictions became final before AEDPA went into effect were given a one-year grace period from the effective date of AEDPA during which to file their habeas claims; thus, the deadline for filing such petitions was April 24, 1997. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Although a valid collateral attack on a conviction will toll time where a habeas petition has already been filed, commencing such a proceeding does not restart the clock. See, e.g., Sorce v. Artuz, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999) ("The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired." (Citations omitted)).

Here, petitioner's state court conviction became final thirty days after entry when he waived his right to appeal, i.e., on August 28, 1993. He therefore received the benefit of the AEDPA "grace period," and had until April 24, 1997, to commence this proceeding. He did not.

---

[1] At the time of his §440.10 motion and continuing to the present, petitioner has been in federal custody on unrelated charges. He pled guilty to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), on December 23, 2008, and was sentenced to 228 months imprisonment. United States v. Parker, No. 08-cr-534 (E.D. Pa. June 17, 2009).

2

When he brought his §440.10 motion in state court, his time to commence this proceeding had expired nearly thirteen years earlier.

Accordingly, the petition will be time-barred unless there is a basis for equitable tolling. See generally Saunders v. Senkowski, 587 F.3d 543, 550 (2d Cir. 2009) (discussing requirements for equitable tolling). Petitioner is therefore Ordered to Show Cause by August 17, 2011 why his petition should not be dismissed as time-barred.[2] See Day v. McDonough, 547 U.S. 198, 210, 126 S. Ct. 1675 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124-25 (2d Cir.2000)).

No response to the petition shall be required at this time and all further proceedings shall be stayed until August 17, 2011 for petitioner to comply with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. See 28 U.S.C. § 2244(d).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
    July 27, 2011

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN D. PARKER,

               Petitioner,

    -against-

HUFFORD H.I./F.C.I. SCHUYLKILL,
et al.,

               Respondents.
-------------------------------------------------------x

**PETITIONER'S AFFIRMATION**
11-CV-3609 (BMC)

STATE OF _____ }
COUNTY OF _____ } SS:

John D. Parker, makes the following affirmation under the penalties of perjury:

I am the petitioner in this action and I respectfully submit this affirmation in response to the

Court's order dated _____. The instant petition should not be time-barred by the one-

year statute of limitations because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____     _____
                           Signature

                           _____
                           Address

                           _____

_____
City, State & ZIP