FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* AUG 18 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JOHN D. PARKER,

                Petitioner,

      - against -

HUFFORD H.I./F.C.I. SCHUYLKILL, et al.,

                Respondents.
-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 3609 (BMC)

**COGAN,** District Judge.

By Memorandum Decision and Order dated July 27, 2011 [7], this Court directed petitioner to show cause why his habeas corpus petition under 28 U.S.C. § 2254 should not be dismissed as untimely. The July 27th Order pointed out that petitioner's conviction had become final on August 28, 1993 and that petitioner had taken no further action to challenge that conviction until February 8, 2010. On that date, he filed a motion under New York Criminal Procedure Law §440.10, which he labeled as a petition for a writ of *coram nobis*, challenging his guilty plea on ineffective assistance and other grounds, which the §440.10 court found were procedurally barred. The July 27th Order pointed out that because petitioner's conviction had become final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, petitioner had until April 24, 1997 to commence this proceeding. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). The July 27th Order invited petitioner to demonstrate any grounds for equitable tolling.

Petitioner has now responded with either one point with two subparts or two separate points, neither of which have merit. First, he construes his §440.10 motion in state court as a

petition for a writ of *coram nobis* (and he had, in fact, labeled it as such). From there, he points out that either federal law or state law, and possibly both, place no time limit on the ability to file an application for a writ of *coram nobis*. Since his state court proceeding was timely as an application for *coram nobis*, petitioner contends, then his habeas corpus petition to review the state court's decision in this Court should be timely as well.

However, as the July 27th Order explained, the pursuit of any state post-judgment remedy does not toll the 1-year statute of limitations under AEDPA unless the petitioner files for the state remedy during, not after, AEDPA's one-year period. See Sorce v. Artuz, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999). Thus, the timeliness of petitioner's state court proceeding, however labeled, does not suffice to render the instant petition timely.

To the extent petitioner is asserting that this Court should construe his petition as a federal application for a writ of *coram nobis* under the All Writs Act, 28 U.S.C. § 1651, which then would not be subject to the one-year time-bar of AEDPA, petitioner himself appears to recognize that the All Writs Act cannot be invoked to review the judgment of a state court. See Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008) (citing Finkelstein v. Spitzer, 455 F.3d 131, 133-34 (2d Cir. 2006)).

## CONCLUSION

The petition is denied as untimely and the case is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S.

438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

/s/ _____
U.S.D.J.

Dated: Brooklyn, New York
      August 17, 2011